Mussehl v. Ramsey County Sheriff's Dept.                                                    Doc. 4

Case 0:06-cv-02985-MJD-JJG   Document 4   Filed 07/20/2006   Page 1 of 6

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JASON MICHAEL MUSSEHL,

      Plaintiff,

v.

RAMSEY COUNTY SHERIFF'S DEPT.,
et al.,

      Defendant.

Civil File No. 06-2985 (MJD/JJG)


REPORT AND RECOMMENDATION

Plaintiff, an inmate at the Minnesota Correctional Facility in Rush City, Minnesota, commenced this action by filing a pleading entitled "Complaint For Violation Of Civil Rights Under 42 U.S.C. 1983." (Docket No. 1.) The matter is presently before the undersigned Magistrate Judge for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.[1] For the reasons discussed below, the Court finds that Plaintiff's complaint fails to state a claim on which relief can be granted. The Court will therefore recommend that this action be summarily dismissed pursuant to § 1915A(b)(1).

## I. BACKGROUND

Plaintiff's complaint indicates that he is attempting to sue a Defendant identified as "Ramsey County Sheriff's Dept." The caption of the complaint includes the term "et al.," which

---

[1] Plaintiff did not tender the statutory filing fee with his complaint, but instead filed an application seeking leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) Plaintiff has paid the initial partial filing fee required by 28 U.S.C. § 1915(b)(1), so the matter is presently ripe for initial screening under § 1915A.

Dockets.Justia.com

suggests that Plaintiff may be attempting to sue someone else as well, but the complaint itself

sheds no light on who (if anyone) that might be.

Plaintiff apparently was incarcerated at the Ramsey County Law Enforcement Center

between January and July of 2005, and his complaint appears to be a shorthand list of

grievances about the conditions of his confinement at that facility – e.g., "I was denied medical

attention;" "I was denied my right to religion;" "I was denied due process;" "I was denied

meals;" "I was denied showers;" etc.  Plaintiff has not alleged any specific historical facts to

support any of the conclusory claims listed in his complaint, nor has he identified any particular

party who might allegedly be responsible for any of the circumstances that prompted him to

file this action.  Although there is no indication that Plaintiff has suffered any injury, he is

nevertheless seeking a judgment in the amount of $2,000,000.00.

## II.  DISCUSSION

Because Plaintiff is a prisoner who is trying to sue a purported governmental agency,

(i.e., the Ramsey County Sheriff's Department), his pleading is subject to the initial screening

procedures prescribed by 28 U.S.C. § 1915A.  That statute, which is part of the Prison

Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings

in every civil action brought by a prisoner against governmental defendants "before docketing,

if feasible or, in any event, as soon as practicable after docketing."  28 U.S.C. § 1915A(a).

The Court must determine which aspects of the pleading are actionable and should be

allowed to proceed.  To the extent that the pleading, on its face, fails to state a cognizable

claim, it must be dismissed.  28 U.S.C. § 1915A(b)(1).

In this case, Plaintiff has failed to state any cause of action on which relief can be granted, because the only Defendant named in his complaint, "Ramsey County Sheriff's Department," is not a suable entity. Although the capacity of a sheriff's department to be sued must ultimately be determined by state law, (Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992), citing Fed. R. Civ. P. 17(b)), most courts that have considered the issue have found that a sheriff's department, (like a police department), cannot be sued as such. Id. at 1215 ("county sheriff's department lacks the capacity to be sued"); Bradford v. Gardner, 578 F.Supp. 382, 383 (E.D. Tenn. 1984) ("the Sheriff's department itself is not a suable entity under § 1983"); Cote v. Kontos, No. 88 C 4751, (N.D. Ill 1989), 1989 WL 10854 at *4 ("[t]he Sheriff's Department of each of these counties does not have a legal existence separate from the county and the Sheriff and therefore is not a suable entity"); Jacobs v. Port Neches Police Dep't, 915 F.Supp. 842, 844 (E.D.Tex. 1996) ("[b]ecause there is no indication that the 'Jefferson County Sheriff's Department' enjoys a separate legal existence, it is not a proper party, and the cause of action against it should be dismissed").

This Court finds no reason to conclude that the legal status of a sheriff's department is different in Minnesota than it is in most other states. Moreover, at least one judge in this District has specifically ruled that a Minnesota sheriff's department is not a suable entity. In re Scott County Master Docket, 672 F.Supp. 1152, 1163, n. 1 (D.Minn. 1987) (holding that Minnesota sheriffs' departments "are not legal entities subject to suit"), aff'd, 868 F.2d 1017 (8th Cir. 1989). See also De La Garza v. Kandiyohi County Jail, No. 01-1966 (8th Cir. 2001), 2001 WL 987542 (unpublished opinion) at *1 (affirming summary dismissal of prisoner civil

rights action against county jail and county sheriff's department, "because neither named party

was a suable entity").

Because the "Ramsey County Sheriff's Department" is not a cognizable legal entity that

can be sued as such, Plaintiff's complaint fails to state an actionable claim for relief against

the only named Defendant in this case.[2]  Thus, the Court concludes that Plaintiff's complaint

fails to state any cause of action on which relief can be granted, and, accordingly, that this

action must be summarily dismissed pursuant to § 1915A(b).

The Court will also recommend that Plaintiff's IFP application, (see fn. 1, supra), be

denied, because his complaint fails to state an actionable claim.  See 28 U.S.C. §

1915(e)(2)(B)(ii).  Notwithstanding the dismissal of this action, Plaintiff shall remain liable for

the unpaid balance of the $350 filing fee.[3]  He has paid only $42.00 so far, so he still owes

---

[2] The Court cannot construe the complaint as an attempt to sue any party that Plaintiff might have had in mind when he added the term "et al." to the caption of his complaint, because there is no way of knowing who else (if anyone) Plaintiff might actually be trying to sue. To state an actionable claim against some other party, Plaintiff would have to identify that party, and explain exactly why that party supposedly should be liable to Plaintiff.  Even if Plaintiff's complaint did adequately identify some other party that he was attempting to sue, his claims against that other party would have to be summarily dismissed, because he has not pleaded any facts that could support any claim against any other party.  See Ellis v. Norris, 179 F.3d 1078, 1079 (8th Cir. 1999) (complaint must allege facts showing each "individual defendant's personal involvement or responsibility" for some alleged violation of the plaintiff's rights); see also Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law") (emphasis added); Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) ("[a]lthough it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions") (emphasis added).

[3]  Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action.  However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee."  In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain

$308.00. Prison officials will have to deduct that amount from his prison trust account and pay

it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2).  The Court will

further recommend that the dismissal of this action be counted as a "strike" against Plaintiff

for purposes of 28 U.S.C. § 1915(g).

## III.  RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1.  Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2),

be **DENIED**;

2.  This action be **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1);

3.  Plaintiff be required to pay the unpaid balance of the Court filing fee, namely

$308.00, in accordance with 28 U.S.C. § 1915(b)(2); and

4.  For purposes of 28 U.S.C. § 1915(g), this action be dismissed "on the grounds that

it is frivolous, malicious, or fails to state a claim on which relief may be granted."

Dated: July 19, 2006                              s/Jeanne J. Graham
                                                   JEANNE J. GRAHAM
                                                   United States Magistrate Judge

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation
by filing and serving specific, written objections by August 8, 2006.  A party may respond to

---

liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the
[PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being
whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments
over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action
would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528,
529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the
moment the prisoner brings a civil action or files an appeal").

the objections within ten days after service thereof.  Any objections or responses filed under this rule shall not exceed 3,500 words.  A District Judge shall make a de novo determination of those portions to which objection is made.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.