# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| **Jason Michael Mussehl,** | Civil No. 06-2985 (MJD/JJG) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| **Robert Fletcher, et al.,** | |
| Defendants. | |

JEANNE J. GRAHAM, United States Magistrate Judge

This matter comes to the undersigned on the defendants' motion for summary judgment (Doc. No. 37). Plaintiff Jason Mussehl is proceeding pro se. The defendants are represented by C. David Dietz, Assistant Ramsey County Attorney. This motion is referred to this Court for a report and recommendation in accordance with 28 U.S.C. § 636 and Local Rule 72.1(a).

**A.    Background**

Mr. Mussehl (Mussehl) brings this matter in connection with his detention at the Ramsey County Law Enforcement Center (the Center) in 2004 and 2005. The defendants include Robert Fletcher, who operates the Center in his capacity as Ramsey County Sheriff, and other officers there. Bringing action under 42 U.S.C. § 1983, Mussehl alleges a series of incidents where staff at the Center violated his constitutional rights.

The parties outlined four incidents, but they do not agree on many details. According to Mussehl, he complained to staff at the Center about his treatment on March 18, 2005; March 30, 2005; April 25, 2005; and July 3, 2005. On each occasion, the staff responded by placing him in

restraints and moving him to segregation, sometimes assaulting and injuring him in the process. (Exh. 1.)[1]

According to the defendants, the first incident occurred on March 15, 2005. They claim that, while staff at the Center was handling an unrelated medical emergency, Mussehl disobeyed an order to return to his cell. He was restrained and immediately placed in segregation. (Exh. 2.) At an ensuing disciplinary hearing, Mussehl received twenty-three days' lock-in for misconduct. (Exh. 3.)

The parties appear to agree about when the remaining incidents occurred. Regarding the incident on March 30, 2005, the defendants claim that Mussehl shouted profanities and ignored orders to stop. They do not indicate whether Mussehl was immediately disciplined or restrained, but they add that at another disciplinary hearing, Mussehl received twenty-three days' lock-in for the incident. (*See* Exhs. 4, 5.)

For the incident on April 29, 2005, the defendants contend that when staff at the Center served Mussehl with notice of an unrelated disciplinary hearing, he started shouting profanities and threatening them. He then ignored orders to stop and instead responded by vandalizing his cell. Staff restrained Mussehl and moved him to another cell, which he threatened to vandalize as well. The record does not indicate whether Mussehl was disciplined for this incident. (*See* Exhs. 6, 7.)

The defendants allege that the last incident, on July 3, 2005, began when Mussehl started vandalizing books in a general recreation area. He did not obey orders to stop, and instead began to throw beverages and damage furniture. Staff at the Center restrained Mussehl, moved him to another cell, and strip-searched him. As staff departed, Mussehl spat at them and vandalized the

---

[1] Exhibits are cited in an appendix at the end of this report and recommendation.

2

cell. When he continued to disobey orders, staff used chemical spray to pacify him and placed him in a restraint chair. He was kept in the chair for forty-five minutes and, when staff released him, Mussehl declined medical treatment. The record again does not indicate whether Mussehl was disciplined for this incident. (*See* Exhs. 8, 9.)

The defendants further allege, whenever an inmate is admitted to the Center, that person receives a video orientation and an inmate handbook. The video informs inmates that they are responsible for knowing the contents of the handbook. (*See* Exh. 10.) The handbook, in turn, sets out the following inmate grievance procedures.

When an inmate challenges the outcome of a disciplinary hearing, the inmate must appeal in writing in five days to the Operations Lieutenant. If that appeal is unsatisfactory, the inmate may then make a final appeal to the Division Commander. All other inmate complaints may be made initially on a verbal basis, but if this procedure is insufficient, an inmate must file a written grievance to the Shift Sergeant. If the response is unsatisfactory, the inmate may then appeal to the Lieutenant. (Exh. 11 at 5-7.)

The defendants contend that Mussehl has never used any of these grievance procedures, for the incidents described above or any others. Consistent with this claim, the record lacks any indication that Mussehl ever filed a grievance or appealed any decisions that were made at the Center.

Based on these allegations, the defendants moved for summary judgment on October 12, 2007. In this motion, they argue that because Mussehl did not exhaust the grievance procedures at the Center, his current litigation is barred by the Prison Litigation Reform Act (PLRA). Under the pretrial scheduling order of April 19, 2007, Mussehl had to respond within thirty days of the

defendants' motion. But he has not responded whatsoever, and therefore, the defendants' motion is unopposed.

**B.** **Analysis**

To obtain summary judgment, a party must show there are no issues of material fact and that it is entitled to judgment as a matter of law. *Meterlogic, Inc. v. KLT, Inc.*, 368 F.3d 1017, 1018 (8th Cir. 2004). For an issue of material fact to exist, there must be sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Bloom v. Metro Heart Group of St. Louis, Inc.*, 440 F.3d 1025, 1029 (8th Cir. 2006). Under this standard, all reasonable inferences are taken in favor of the nonmoving party. *Singletary v. Missouri Dep't of Corrections*, 423 F.3d 886, 890 (8th Cir. 2005).

Where a motion for summary judgment is unopposed, the moving party is not necessarily entitled to summary judgment. The court must still examine the record and decide whether this relief is appropriate. *Interstate Power Co. v. Kansas City Power & Light Co.*, 992 F.2d 804, 807 (8th Cir. 1993); *see also Williams v. City of St. Louis*, 783 F.2d 114, 116 (8th Cir. 1996). But when a motion for summary judgment is unopposed, a court may find that the nonmoving party has admitted the proof submitted by the moving party. *See Reasonover v. St. Louis County*, 447 F.3d 569, 579 (8th Cir. 2006).

The defendants' PLRA exhaustion argument is founded on 42 U.S.C. § 1997e(a), which provides,

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

So if a prisoner fails to exhaust administrative remedies, by failing to lodge a grievance about an issue pursuant to prison regulations, the prisoner cannot obtain relief in the courts. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).

Because failure to exhaust remedies is an affirmative defense, a defendant has the burden to prove that a prisoner has not exhausted administrative remedies. *Foulk v. Charrier*, 262 F.3d 687, 697 (8th Cir. 2001). If the record shows that a prisoner has notice of grievance procedures but has not used them, and there is no indication a defendant impeded or violated the procedures, there is sufficient proof to grant summary judgment for failure to exhaust. *See Gibson v. Weber*, 431 F.3d 339, 341 (8th Cir. 2005); *Lyon v. Vande Krol*, 305 F.3d 806, 809 (8th Cir. 2002). In this analysis, a court cannot consider whether the grievance procedures are adequate or effective. *Booth v. Churner*, 532 U.S. 731, 739-40 (2001).

The record here indicates that Mussehl received notice of grievance procedures. But he did not appeal any disciplinary rulings against him, nor did he file any written grievances about his treatment at the Center. For these reasons, the defendants have shown that Mussehl has not exhausted his administrative remedies, as required by the PLRA. This Court thus recommends that the defendants' motion for summary judgment be granted.

C. **Residuary Concerns**

In addition to their motion for summary judgment, the defendants have a separate motion to compel discovery or for discovery sanctions (Doc. No. 34). They argue that, because Mussehl refused to attend his own deposition, this litigation must be dismissed. Although the defendants have support for this argument, *Aziz v. Wright*, 34 F.3d 587, 589 (8th Cir. 1994), the preceding analysis of exhaustion fully disposes Mussehl's claims on the merits. Their discovery motion is, therefore, appropriately denied as moot.

5

Mussehl has a motion for discovery and to appoint counsel (Doc. No. 36). He claims that he needs the assistance of counsel to prosecute discovery, and in the meantime, he cannot appear for a deposition. He also recounts his efforts to obtain counsel, which so far have been fruitless. This motion was filed on August 21, 2007, after the time for fact discovery closed, but during the time that Mussehl was expected to respond to the defendants' motion for summary judgment.

To the extent that Mussehl moves "for discovery," it is not entirely clear what relief he is seeking. Mussehl had four months to prosecute discovery, yet he evidently took no action during that time, nor has he sought more time for fact discovery. And as the preceding analysis shows, his claims fail on the merits. This relief is appropriately denied.

Regarding his request for appointment of counsel, a court may appoint counsel for a party that is proceeding in forma pauperis. 28 U.S.C. § 1915(e). When deciding whether appointment is appropriate, relevant factors include the complexity of the legal and factual issues; the ability of a party to present the claims; and whether the party or the court may benefit from appointment of counsel. *In re Lane*, 801 F.2d 1040, 1043-44 (8th Cir. 1986); *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1005 (8th Cir. 1984).

Mussehl contends that, if he had counsel, he would be able to participate in discovery and support his claims. But the record shows the contrary. Even if Mussehl had counsel, he cannot overcome his failure to exhaust his administrative remedies at the Center. So the appointment of counsel does not materially benefit Mussehl or this Court. His request for counsel should also be denied.

**D.    Recommendation**

Being duly advised of all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT:**

1. The defendants' motion for summary judgment (Doc. No. 37) be **GRANTED.**

2. The defendants' motion to compel discovery or for discovery sanctions (Doc. No. 34) be **DENIED AS MOOT.**

3. Mussehl's motion for discovery and the appointment of counsel (Doc. No. 36) be **DENIED.**

4. All claims in this matter be **DISMISSED WITH PREJUDICE.**

5. This litigation be dismissed in its entirety and judgment entered.

Dated this 3rd day of January, 2008.

    s/ *Jeanne J. Graham*
JEANNE J. GRAHAM
United States Magistrate Judge

## NOTICE

Pursuant to Local Rule 72.2(b), any party may object to this report and recommendation by filing and serving specific, written objections by **January 16, 2008**. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. The district court judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall forfeit review in the United States Court of Appeals for the Eighth Circuit. Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve objections made to this report and recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.

## APPENDIX

Exh. 1    Am. Compl. of Dec. 6, 2006 [Doc. No. 14].

Exh. 2    Decl. of C.D. Dietz, Oct. 12, 2007, Exh. 1 (Report of Erickson, Mar. 18, 2005).

Exh. 3    Decl. of C.D. Dietz, Oct. 12, 2007, Exh. 3 (Tr. of Hr'g, Mar. 21, 2005).

Exh. 4    Decl. of C.D. Dietz, Oct. 12, 2007, Exh. 5 (Report of R. Walker, Apr. 6, 2005).

Exh. 5    Decl. of C.D. Dietz, Oct. 12, 2007, Exh. 6 (Hr'g Report, undated).

8

Exh. 6        Decl. of C.D. Dietz, Oct. 12, 2007, Exh. 7 (Report of G. Hoven, May 2, 2005).

Exh. 7        Decl. of C.D. Dietz, Oct. 12, 2007, Exh. 8 (Report of Koderick, Apr. 29, 2005).

Exh. 8        Decl. of C.D. Dietz, Oct. 12, 2007, Exh. 9 (Report of G. Hoven, July 7, 2005).

Exh. 9        Decl. of C.D. Dietz, Oct. 12, 2007, Exh. 10 (Report of G. Hoven, July 7, 2005).

Exh. 10       Decl. of C.D. Dietz, Oct. 12, 2007, Exh. 11 (Video Tr., undated).

Exh. 11       Decl. of C.D. Dietz, Oct. 12, 2007, Exh. 12 (Inmate Handbook).